UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLAS PEDONE,

    Petitioner,

-vs-                                                  Case No.  6:11-cv-610-Orl-36GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

### ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 12) and a supplemental response (Doc. No. 22) to the petition for writ of habeas corpus.  Petitioner filed replies (Doc. Nos. 15, 17, and 26) to the responses.

      Petitioner alleges five claims for relief in his habeas petition:  1) trial counsel was ineffective for misadvising him with regard to the entry of his pleas of nolo contendere; 2) trial counsel was ineffective for failing to depose the victim and investigating officer Tom Clem; 3) trial counsel was ineffective for failing to move for the dismissal of the information based on double jeopardy; 4) trial counsel was ineffective for failing to move

to suppress statements based on the controlled telephone calls; and 5) trial counsel was ineffective for failing to investigate his *Miranda*[1] claim.

## I.  Procedural History

Petitioner was charged by information with two counts of lewd or lascivious battery (counts one and two) and one count of lewd or lascivious molestation against a person 12 years of age or older but less than 16 years of age by an offender 18 years of age or older (count three). Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of nolo contendere to all three counts. The trial court held a hearing on the pleas and ultimately accepted them. The trial court then adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of ten years as to count one and for a term of five years as to count two, with the sentences to run concurrently. The trial court sentenced Petitioner to probation for a term of fifteen years as to count three.

Petitioner did not file a direct appeal, but he did file a motion to withdraw his plea. The trial court denied the motion as untimely and insufficiently pled.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

II.     *Legal Standards*

A.      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the

---

[2]In considering the "unreasonable application"inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

deficient performance prejudiced the defense. *Id*. at 687.³ A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

## III. Analysis

### A. Claim One

Petitioner states that trial counsel was ineffective for misadvising him with regard to entering his pleas of nolo contendere. Petitioner mentions that counsel failed to investigate the following: the "victim's willingness"; that no *Miranda* warnings were read to him prior to his arrest; that Petitioner believed that his sentence was too harsh; and the constitutionality of the controlled call. The issues brought forth in this claim were raised in the context of several claims in Petitioner's Rule 3.850 motion. The trial court found that these issues were without merit.

The Court agrees that these issues are without merit. First, Petitioner has failed to show that the victim's "willingness" or alleged consent would have constituted a defense in this case.

Next, as will also be discussed with regard to claim five, it is clear that the law enforcement officers furnished *Miranda* warnings prior to Petitioner's arrest. A copy of the *Miranda* warnings was included in the discovery packet provided by the State, *see* App. K,

---

³In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

and in an e-mail sent from Petitioner's counsel to Petitioner's mother. In the e-mail, Petitioner's counsel acknowledged that Petitioner had been advised of his right to remain silent. *See id*. Petitioner has not demonstrated that there was any basis for challenging the *Miranda* warnings.

Further, at the plea hearing, the trial court advised Petitioner that the maximum penalty in this case was imprisonment for a term of fifteen years, and Petitioner indicated that he understood. *See* Appendix B at 6. In fact, Petitioner's sentence was less that the statutory maximum. As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing to refute the veracity of his responses in the state court or the weight his plea should be accorded in this Court.

Finally, Petitioner has not shown that the controlled telephone call was in any manner invalid. Petitioner was not in custody when he made the statements, and the law enforcement officer complied with the applicable Florida statutory provisions in making and recording the controlled telephone call.

As such, counsel was not deficient, and there has been no showing of prejudice. Consequently, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

6

B.     *Claim Two*

Petitioner asserts that trial counsel was ineffective for failing to depose the victim, investigating officer Tom Clem, and other witnesses who would have been helpful to his case. This claim was raised in Petitioner's Rule 3.850 motion and was denied because depositions would not have demonstrated that Petitioner did not commit the crimes.

Petitioner states that the victim's deposition would have revealed that she was a "knowing and willing participant in their relationship," that Officer Clem's depostion would have revealed that Petitioner did not intelligently and knowingly waive his *Miranda* rights, and that other witnesses would have provided support for pre-trial motions.

This claim is without merit. Petitioner has failed to show that the victim's alleged consent would have constituted a defense in this case. Petitioner made numerous admissions in the controlled call, and it is dubious that the victim's deposition testimony would have been beneficial to his case.

As to the deposition of Officer Clem, aside from vague allegations, Petitioner has failed to show that the *Miranda* warnings were in any manner improper. Petitioner has failed to show that deposing Officer Clem would have produced any impeaching information.

Likewise, Petitioner has not shown that deposing the other witnesses would have been beneficial to his case. The Court notes that, as to all of these witnesses, Petitioner has produced no affidavits or testimony from any proposed witness demonstrating that she or he would have testified to matters favorable to Petitioner. Mere speculation that

witnesses might testify to matters favorable to the petitioner is "simply inadequate to undermine confidence in the outcome," and thus insufficient to demonstrate prejudice. *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989); *see also Wing v. Sargent*, 940 F.2d 1189, 1191 (8th Cir. 1991) (speculation as to how witnesses on petitioner's list would have testified fails to meet burden of proof that counsel's assistance was ineffective). Accordingly, counsel was not deficient with regard to these matters, and there has been no showing of prejudice. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

C.   *Claim Three*

Petitioner states that trial counsel was ineffective for failing to move for the dismissal of the information based on double jeopardy. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the acts were serial and distinct in character, and Petitioner had sufficient time between each act to reflect and form a new criminal intent.

Petitioner argues that counts one and two "essentially state the same offense." *See* Doc. No. 1 at 12. All of the counts in the information alleged that, "on one or more occasions between July 4, 2007 and January 28, 2008," Petitioner engaged in various forms of sexual activity with the victim and that Petitioner violated section 800.04, Florida

Statues.[4]  As noted by the trial court, there was "no double jeopardy violation because the sexual acts were serial, distinct in character, and appellant had sufficient time between each act to reflect and form a new criminal intent." *Schuster v. State,* 17 So. 3d 304, 305 (Fla. 4th DCA 2009); *see also Grunzel v. State*, 484 So. 2d 97 (Fla. 1st DCA 1986) (affirming conviction on two counts of sexual battery when defendant performed cunnilingus on victim for a few seconds and then vaginally penetrated victim).  Since there was no double jeopardy violation in this case, counsel was not deficient with regard to this matter, and there has been no showing of prejudice.  As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

### D.     *Claim Four*

Petitioner states that trial counsel was ineffective for failing to move to suppress statements based on the controlled telephone call.  This claim was raised in Petitioner's Rule 3.850 motion and was denied because placing a controlled telephone call to Petitioner to cause him to admit to the crimes was not entrapment.

According to Petitioner, the admissions he made in the telephone calls resulted from improper State action.  He states that the victim was recruited "as an agent of the State in order to deliver a line of interrogatory questions deliberately designed to elicit an

---

[4]Section 800.04 deals with lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age.

incriminating response." *See* Doc. No. 1 at 15.

Petitioner has failed to demonstrate how the State's actions with regard to this matter were in any manner improper. In the event that Petitioner contends that there was a *Miranda* violation, his argument is without merit because Petitioner was not in custody when he made the statements. In the event Petitioner contends that there was entrapment on the part of the State, he has failed to demonstrate that placing a controlled telephone call to him to cause him to admit to the crimes was entrapment. A law enforcement officer did not induce Petitioner to commit the crime;[5] rather, as a result of the controlled telephone call, Petitioner admitted to a previously committed crime, which does not constitute entrapment.

As such, counsel was not deficient, and there has been no showing of prejudice. Consequently, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

E.    **Claim Five**

Petitioner contends that trial counsel was ineffective for failing to investigate his *Miranda* claim. This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner had been provided with *Miranda* warnings.

---

[5]*See Green v. State*, 34 So. 3d 783, 784 (Fla. 2d DCA 2010) (under section 777.201(1), Florida Statutes, entrapment occurs when law enforcement or its agent induces another person to engage in conduct constituting a crime; thus, "to present an entrapment defense, one would have to admit that he or she committed the crime but did so only because of the actions of law enforcement.").

The Court finds that this claim is without merit. Petitioner does not contend that the law enforcement officers failed to furnish the warnings. In fact, a copy of the *Miranda* warnings was included in the discovery packet provided by the State. *See* App. K. In addition, in an e-mail sent from Petitioner's counsel to Petitioner's mother, Petitioner's counsel acknowledged that Petitioner had been advised of his right to remain silent. *See id*. Moreover, Petitioner has not demonstrated that there was any basis for challenging the *Miranda* warning.

As such, counsel was not deficient, and there has been no showing of prejudice. Consequently, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Nicholas Pedone is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[6] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 20th day of May, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 5/20
Counsel of Record
Nicholas Pedone

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.